CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
NOV 24 2015
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| HERALD G. SMITH, ) | |
| ) | Civil Action No. 5:15CV00025 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | By:   Hon. Glen E. Conrad |
| ) |        Chief United States District Judge |
| Defendant. ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to establish entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Herald G. Smith, Jr., was born on June 12, 1966. Mr. Smith completed his high school education. He has worked a press operator, parts clerk/manager, inventory control clerk, and cashier. The Commissioner determined that plaintiff last engaged in substantial gainful activity in 2006. On May 31, 2007, Mr. Smith filed applications for disability insurance benefits and

supplemental security income benefits. Plaintiff alleged that he became disabled for all forms of substantial gainful employment on July 31, 2006, due to lumbar multi-level degenerative joint and disc disease. Mr. Smith now maintains that he has remained disabled to the present time. As to his application for disability insurance benefits, the record reveals that plaintiff met the insured status requirements of the Act through the fourth quarter of 2011, but not thereafter. See generally, 42 U.S.C. §§ 416(i) and 423(a). Consequently, Mr. Smith is entitled to disability insurance benefits only if he has established that he became disabled for all forms of substantial gainful employment on or before December 31, 2011. See 42 U.S.C. §§ 423(a).

Mr. Smith's claims were denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated January 29, 2010, the Law Judge also determined that Mr. Smith is not disabled. The Law Judge found that plaintiff suffers from severe impairments, including disorders of the spine and obesity. Because of plaintiff's physical problems, the Law Judge held that Mr. Smith is disabled for all of his past relevant work roles. However, the Law Judge ruled that plaintiff retains sufficient functional capacity for a limited range of sedentary work. Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge determined that Mr. Smith retains sufficient functional capacity to perform several specific sedentary work roles existing in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Mr. Smith is not disabled, and that he is not entitled to benefits under either federal program. See 20 C.F.R. §§ 404.1520(g) and 416.920(g). The Law Judge's opinion was later adopted as the final decision of Commissioner by

the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Smith appealed to this court.

By memorandum opinion and order entered August 31, 2011, the court remanded plaintiff's case to the Commissioner for further development and consideration. The court held that the evidence supported the Law Judge's determination that plaintiff retained sufficient functional capacity for a limited range of sedentary exertion. However, the court observed that while the Law Judge relied on a consultative medical report in assessing plaintiff's residual functional capacity, the Law Judge failed to note that the consultative examiner determined that Mr. Smith is blind in his left eye. The Law Judge failed to include left eye blindness in his hypothetical question to the vocational expert. Citing the well-established rule that a vocational expert's testimony can be relevant only if it is given in response to hypothetical questions which fairly set out all of the claimant's impairments, the court concluded that the Law Judge's reliance on the vocational expert's testimony could not be deemed to be supported by substantial evidence. See Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989).

On remand, the Commissioner assigned the case to the same Administrative Law Judge for a supplemental hearing and decision. The Law Judge issued a new decision on October 26, 2012. In his second opinion, the Law Judge found that Mr. Smith suffers from several severe impairments, including discogenic/degenerative back disorder; chronic pain syndrome; blindness in the left eye; lumbar spondylosis; and left tronchanteric bursitis. (TR 712). Because of these impairments, the Law Judge ruled that plaintiff is disabled for all of his past relevant work roles. However, the Law Judge once again determined that Mr. Smith retains sufficient functional capacity for a limited range of sedentary work activity. (TR 713-14). The Law Judge relied on testimony from a vocational

3

Case 5:15-cv-00025-GEC   Document 20   Filed 11/24/15   Page 3 of 10   Pageid#: 1521

expert in determining that Mr. Smith retains sufficient functional capacity to perform several specific sedentary work roles existing in significant number in the national economy. Accordingly, the Law Judge once again concluded that plaintiff is not disabled, and that he is not entitled to benefits under either federal program. See 20 C.F.R. §§ 404.1520(g) and 416.920(g).

Mr. Smith appealed the Law Judge's decision to the Social Security Administration's Appeals Council. On July 29, 2013, the Appeals Council remanded the case for further proceedings consistent with this court's earlier order of remand. Specifically, the Law Judge observed that, in the second opinion, the Law Judge did not specify what postural limitations Mr. Smith experiences. Moreover, while the Law Judge had relied on several consultative reports, the Appeals Council noted that the Law Judge did not explain "why these opinions were adopted or not adopted." (TR 756). The Appeals Council directed that the case "be assigned to another Administrative Law Judge." (TR 757).

Following conduct of a supplemental administrative hearing, the second Law Judge produced an opinion on May 16, 2014. The Law Judge found that Mr. Smith suffers from severe impairments, including discogenic/degenerative back disorder; chronic pain syndrome; blindness in the left eye; lumbar spondylosis; and left trochanteric bursitis. (TR 521). The Law Judge ruled that plaintiff is unable to perform any past relevant work. (TR 533). However, the second Law Judge also determined that plaintiff retains sufficient functional capacity for a limited range of sedentary work activity. The Law Judge assessed Mr. Smith's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work, as defined in 20 CFR 404.1567(a) and 416.967(a), except that he would be able to stand a maximum of 2 hours, sit a maximum of 6 hours and walk a maximum of 90 minutes. He would require a sit/stand option with a sitting maximum of 2

4

hours at a time, a standing maximum of 1 hour at a time and a walking maximum of 30 minutes at a time. He would be able to frequently climb ramps/stairs and perform occasional balancing, stooping, kneeling crouching and crawling, but no climbing of ladders/ropes/scaffolds. He would also be able to have no greater than frequent exposure to workplace hazards, including hazardous machinery, moving machinery and operation/control of a motor vehicle and no exposure to unprotected heights. He further would be limited to work not requiring peripheral acuity or vision in both eyes, due to his blindness in one eye.

(TR 522). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge determined that Mr. Smith remains capable of performing several specific sedentary work roles which exist in significant number in the national economy. Accordingly, the second Law Judge concluded that Mr. Smith is not disabled, and that he is not entitled to benefits under either federal program. (TR 534). See 20 C.F.R. §§ 404.1520(g) and 416.920(g). On this occasion, the Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having again exhausted all available administrative remedies, Mr. Smith has appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

5

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Mr. Smith suffers from severe back problems, including residuals of a discectomy performed on December 8, 2008. He now experiences continuing discogenic/degenerative process in his lower back as well as lumbar spondylosis and chronic pain syndrome. Mr. Smith also has a history of blindness in the left eye and severe headaches, possibly associated with his vision problem. However, as noted in the court's earlier memorandum opinion, the court remains convinced that plaintiff possesses residual functional capacity for sedentary levels of work in which he is allowed to sit or stand at will, and avoid activities which require back motion and exertion. He is also unable to perform work which involves exposure to dangerous instrumentalities, or requires full visual acuity. As reflected in the Law Judge's findings as to residual functional capacity, the court believes that the Law Judge took all of these limitations into account in assessing plaintiff's capacity for alternate work activities. The court concludes that the Law Judge reasonably relied on the results from a recent consultative examination performed by Dr. Scott Kohler. Indeed, given the progressive nature of plaintiff's back condition, the court believes that it is especially appropriate for the Law Judge to accord greater weight to the most recent consultative evaluation. The Law Judge essentially adopted Dr. Kohler's findings as to plaintiff's residual functional capacity, and included such limitations in the hypothetical question posed to the vocational expert. (TR 566-69). In response, the vocational expert identified several jobs which Mr. Smith could be expected to perform, including bench worker, sorter, and addresser/stuffer. (TR 567-68). On this occasion, the court believes that the Law Judge properly relied on the vocational expert's testimony in assessing plaintiff's capacity for alternate work activities. Based on the thoroughness of the Law Judge's hypothetical questions, as

well as the vocational expert's testimony, the court believes that the Commissioner's final decision is supported by substantial evidence. It follows that the final decision of the Commissioner must be affirmed.

On appeal to this court, Mr. Smith argues that the Commissioner erred in according greater weight to the consultative report submitted by Dr. Kohler. Plaintiff points out that only six months before Dr. Kohler conducted his examination, a pain management physician's assistant, Robert Burke, completed a residual functional capacity questionnaire which indicates that plaintiff's back problems are so severe as to prevent work activity on an eight hour per day basis. (TR 1279-83). Mr. Burke saw plaintiff in conjunction with Dr. Darlinda M. Grice, a pain management specialist, who also opined that Mr. Smith is disabled for all forms of substantial gainful employment. (TR 1261). Finally, plaintiff observes that in an earlier consultative report, Dr. Christopher Newell produced a medical statement of plaintiff's physical ability for work-related activities, which indicates greater restrictions than those identified by Dr. Kohler.[1] (TR 466-71).

While there are some conflicts in the medical record, the court believes that the Commissioner's resolution of those conflicts is supported by the evidence. Dr. Newell's physical

---

[1] As a separate issue, and as set out in a supplemental memorandum in support of his motion for summary judgment, plaintiff argues that the Commissioner erred in even requesting a consultative evaluation by Dr. Kohler. Plaintiff observes that Dr. Kohler was not a treating physician, and that under the governing administrative regulations, a treating source is the preferred source for a consultative examination. See 20 C.F.R. §§ 404.1519h and 416.919h. Mr. Smith also notes that Dr. Kohler conducted the consultative examination at a point in time after the termination of insured status. However, the court does not believe that these objections are sufficient for rejection of Dr. Kohler's consultative report. Since Mr. Smith has appealed the denial of both his claims for disability insurance benefits and supplemental security income benefits, the date last insured for disability insurance benefits purposes is not overly critical in this case. Moreover, as set forth in greater detail below, the court believes that there are some inconsistencies in Dr. Newell's earlier consultative evaluation. Ultimately, as also set forth below, the court believes that plaintiff's argument for rejection of Dr. Kohler's consultative report is not of great consequence, inasmuch as the court considers the reports of Dr. Kohler, Dr. Newell, and Dr. Arlet, the physician who performed plaintiff's back surgery, to be substantially similar, and supportive of the notion that Mr. Smith can work on a regular basis in sedentary work roles which permit a sit/stand option. Indeed, as set forth above, in its earlier opinion in this case, the court found substantial evidence to support the Law Judge's finding of residual functional capacity for a limited range of sedentary exertion, even before Dr. Kohler's report was received into the administrative record.

findings are somewhat inconsistent. While he stated in his medical source statement that Mr. Smith can sit for no more than four hours in an eight hour workday, (TR 467), Dr. Newell found in his report that plaintiff can sit for up to six hours in a regular eight hour workday. (TR 462). In his narrative statement, the consultant reported that Mr. Smith can sit, stand, and walk for a total of six to eight hours. (TR 462). Yet in his medical source statement, Dr. Newell opined that plaintiff could sit, stand, and walk for a total of eight hours in a regular work day. (TR 467). The court believes that, for the most part, Dr. Newell's findings as to plaintiff's residual functional capacity are not dramatically different from those of Dr. Kohler. While it is true that the physician's assistant, Mr. Burke, reported totally disabling functional limitations, the governing administrative regulations establish that greater weight should normally be accorded to the findings of physicians than to those of non-physicians. See 20 C.F.R. §§ 404.1527 and 416.927. The reports of both Dr. Kohler and Dr. Newell differ substantially from the evaluation provided by Mr. Burke. Finally, the court notes that the Commissioner's resolution of the conflicts in the medical record is supported by the opinion of Dr. Vincent Arlet, the surgeon who performed plaintiff's discectomy in 2008. By April 2009, four months after the surgery, Dr. Arlet opined that Mr. Smith could be considered a candidate for lighter forms of work "that would acclimate a standing and sitting position." (TR 495). In short, while there are medical reports and opinions suggesting that Mr. Smith is disabled, the court finds substantial evidence to support the Commissioner's final decision that plaintiff could be expected to perform a limited range of sedentary work roles existing in the national economy.

On appeal, plaintiff also maintains that the Commissioner failed to accord proper treatment to a vision impairment interrogatory completed by Dr. Marc Shields, an optometrist, on January 27, 2015. Inasmuch as the interrogatory was completed at a time after the Administrative Law Judge issued his opinion, plaintiff submitted Dr. Shields' interrogatory directly to the Appeals Council.

In the interrogatory, Dr. Shields opined that plaintiff's eye problem produces headaches which are so severe as to prevent performance of even basic work activities. (TR 1415). Mr. Smith now contends that the Commissioner's final decision should be reversed because such headaches were not considered by the Administrative Law Judge, or that the case should be remanded so that appropriate consideration can be given to this medical condition.

The court is unable to conclude that the vision impairment interrogatory completed by Dr. Shields on January 27, 2015 serves to undercut the final decision of the Commissioner. It seems that Dr. Shields began to treat Mr. Smith on August 27, 2012. At that time, Dr. Shields opined that plaintiff's symptoms only "rarely" interfere with attention and concentration. (TR 1306). Moreover, at the time of the most recent administrative hearing, the vocational expert testified in response to a question from plaintiff's attorney that Mr. Smith's severe headaches, as described by plaintiff in his testimony, would not affect performance of the sedentary work roles for which he is otherwise physically capable. (TR 572). For these reasons, the court does not believe that the submission of Dr. Shields' most recent interrogatory necessitates any additional consideration of plaintiff's case. If Mr. Smith believes that his headaches are more severe than at the time considered by the Administrative Law Judge, plaintiff's proper course is to file a new claim for supplemental security income benefits so that his worsening problem with headaches can be properly addressed.

In summary, the court has found substantial evidence in support of the Commissioner's final decision denying plaintiff's entitlement to a period of disability, disability insurance benefits, and supplemental security income benefits. The court finds no basis upon which to require any additional administrative consideration of this case. Accordingly, the final decision of the Commissioner must be affirmed.

9

Case 5:15-cv-00025-GEC   Document 20   Filed 11/24/15   Page 9 of 10   Pageid#: 1527

In affirming the Commissioner's final decision, the court does not suggest that Mr. Smith is free of all pain, discomfort, weakness, and fatigue. Indeed, the medical record confirms that plaintiff suffers from serious back problems, as well as a loss of bilateral vision, which can be expected to result in significant limitations. However, the fact remains that several doctors who have examined Mr. Smith believe that he can engage in sedentary forms of work activity. It must be recognized that the inability to do work without any subjective discomfort, does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). It appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claims for benefits. Indeed, the court believes that the Law Judge engaged in a detailed and thorough review of Mr. Smith's testimony and subjective limitations. (TR 529-30). It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 24th day of November, 2015.

*[signature: Glen Conrad]*

Chief United States District Judge

10
Case 5:15-cv-00025-GEC   Document 20   Filed 11/24/15   Page 10 of 10   Pageid#: 1528